# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KATHERINE EBAN FINKELSTEIN,
623 11th Street
Brooklyn, New York  11215

*Plaintiff,*

v.

FOOD AND DRUG ADMINISTRATION,
10903 New Hampshire Avenue
Silver Spring, Maryland 20993

*Defendant.*

Civil Action No. 22-3253

# COMPLAINT

1.        Plaintiff Katherine Eban Finkelstein ("Plaintiff") brings this Freedom of Information

Act ("FOIA") judicial review against Defendant Food and Drug Administration ("Defendant") to

compel Defendant to produce the responsive records relating to A Multiscale Investigation of the

Living Human Brain ("The Living Brain Project"). Defendant has violated FOIA  by failing to

conduct a reasonable search, and by failing to make the records promptly available.

## PARTIES

2.      Plaintiff is a journalist with a principal place of business in New York City. Plaintiff is an investigative journalist and author. Her investigative work has focused on public health and homeland security issues. She is a contributor at Fortune Magazine and Vanity Fair Magazine and writes for other national magazines. She is the author of two published books, Bottle of Lies (2019) and Dangerous Doses: A True Story of Cops, Counterfeiters, and the Contamination of America's Drug Supply (2006). Plaintiff made the request at issue in this judicial review on November 22, 2021. Ex. 1.

3.      Defendant is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question which confers jurisdiction on this Court. *See* 28 U.S.C. § 1331.

5.      The venue is proper under 5 U.S.C. § 552(a)(4)(B).

## PLAINTIFF'S NOVEMBER 22, 2021 FOIA REQUEST

6.       Plaintiff submitted a FOIA request to Defendant for the following:

THE LIVING BRAIN PROJECT

I am requesting all FDA records within any and all divisions, including the Center for Devices and Radiological Health, mentioning "The Living Brain Project" (LBP), also known as "A Multiscale Investigation of the Living Human Brain," conducted by the Brain and Data Sciences Lab, also known as the "Charney Lab," at the Icahn School of Medicine at Mount Sinai, 1 Gustave L. Levy Place, New York, NY 10029-5674, which includes, but is not limited to:

Clinical Research

1. Any and all study reports by clinical researches pertaining to the review process of "The Living Brain Project, which includes, but is not limited to:
> a. The clinical research design of "The Living Brain Project."
> b. Reports and memos of Clinical Research Phase Studies of "The Living Brain Project."
> c. IND applications to the FDA on "The Living Brain Project."
> d. Reports, emails, letters between the IND FDA Review Team for "The Living Brain Project," including but not limited to: project managers, medical officers, staticians, and pharmacologists.
> e. Approval or delay/hold reports by the FDA review team on "The Living Brain Project."

2. Any and all emails or letters from the clinical research developers to the review team that mentions any new protocols, serious adverse events of side effects such as injury or death during the research and review of "The Living Brain Project."

3. Any and all internal documentation such as emails, letters, reports, analyses, and reviews between the FDA and The Mount Sinai IRB that mentions "The Living Brain Project."

4. Any and all emails, letters, or reports of conflicting interest between medical device companies, Medtronic Inc, and Blackrock Neurotech involving:
> a. Brain H. Kopell, MD, IRB principal investigator
> b. Alexander Charney, MD, PhD, (title)

Medical Devices

1. Any and all emails, letters, applications, requests for review, and reports between medical device companies to the FDA concerning the use of the devices listed in "The Living Brain Project":
> a. Medtronic Inc - Medtronic Activa Tremor Control System P96009
> b. Blackrock Neurotech - Blackrock Neuroport Array System K042384

2. Inspection reports by the FDA of the following devices:
> a. Medtronic Inc - Medtronic Activa tremor Control System P96009
> b. Blackrock Neurotech - Blackrock Neuroport Array System K042384

Inspections

MAUDE DATA

1. Any and all emails, letters, and other forms of communication between 01/01/2013 - date of search that mentions the risk of brain segment removal

2. Inspection reports and findings by the Living Brain Project

3. Review and approval records of medical devices including, but not limited to:
        a. Medtronic Activa Tremor Control System P96009
        b. Blackrock Neurotech Neuroport Array System K042384


Name: Alexander Charney, MD, PhD

City and State: New York, NY

1. Records for inspection between 01/01/2013 - date of search. This includes appendices or other documents, if any, associated with an inspection report mentioning "The Living Brain Project."

2. Any responses from Dr. Charney or his institution pertaining to these inspection reports mentioning "The Living Brain Project," and any documents showing further FDA notifications to Dr. Charney or his institution.

3. Letters or other documents subsequent to these inspections that state what if any later actions FDA took, or the final disposition of this case.

4. Financial reports stating Dr. Charney's monetary entitlement or stakes in Medtronic Inc, "The Living Brain Project," or The Brain and Data Sciences Lab/ the "Charney Lab."


Name: Brian H. Kopell, MD

City and State: New York, NY

1. Records for inspection between 01/01/2013 - date of search. This includes appendices or other documents, if any, associated with an inspection report mentioning "The Living Brain Project."

2. Any responses from Kopell or his institution pertaining to these inspection reports mentioning "The Living Brain Project," and any documents showing further FDA notifications to Kopell or his institution.

3. Letters or other documents subsequent to these inspections that state what if any later actions FDA took, or the final disposition of this case.

4. Financial reports stating Kopell's monetary entitlement or stakes in Blackrock Neurotech,"The Living Brain Project," or The Brain and Data Sciences Lab/ the "Charney Lab."

MOUNT SINAI HOSPITAL (clinical research)

1. Any and all emails, letters, and other forms of communication between principal investigator, Brian H. Kopell, and the IRB at the Icahn School of Medicine at Mount Sinai that mentions "The Living Brain Project," or deep brian stimulation (DBS.)

2. Any and all emails, letters, and other forms of communication between the IRB at the Icahn School of Medicine at Mount Sinai with outside reviewers/experts that mentions "The Living Brain Project," or deep brain stimulation (DBS.)

DEVICES

I am requesting all reports between 03/01/1997 - date of search submitted to MAUDE - Manufacturer and User Facility Device Experience database on medical devices categorized with an Event Type of "Malfunction", "Injury", or "Death" that fits any of the following requirements—

1. The name of the Manufacturer contains "Medtronic" or "MPRI"

2. The Brand Name contains "ACTIVA", "UNKNOWN IMPLANTABLE NEUROSTIMULATOR", "UNKNOWN NEUROSTIMULATOR"

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.

Ex. 1.

<u>FDA FOIA 2021-8591</u>:

7.      Plaintiff made the request at issue in this judicial review on November 22, 2021.

Ex. 1.

8.      Defendant sent a response letter to Plaintiff on December 14, 2021, and assigned

FDA FOIA 2021-8591 Response ORA/DIDP to the request. Ex. 2.

9.      On December 17, 2021, Defendant sent a response letter to Plaintiff rejecting

Plaintiff's request for expedited processing. Ex. 3.

10.     On March 25, 2022, Defendant stated that Plaintiff would receive additional

response from Defendant's Center for Devices and Radiological Health ("CDRH").

 Defendant provided limited and redacted records concerning, primarily, Establishment Inspection

Reports. Ex. 4.

11.     Plaintiff made a demand for an estimated completion date on April 14, 2022. Ex. 5.

12.     Since attachments were not provided, on May 2, 2022, as part of her request,

Plaintiff asked for the attachments to the emails provided in the redacted FOIA response. Ex. 6.

On May 3, 2022, Defendant replied to Plaintiff's email and stated, in pertinent part, "I have

forwarded your May 1, 2022 letter to the Division of FOIA for logging as a new FOIA request."

Ex. 6.

13.     Plaintiff only made one request at issue in this litigation. Ex. 1.

14.     As of the date of this filing, Plaintiff has received no final decision as to its

administrative appeal.

15.     Plaintiff has constructively exhausted her administrative remedies.

FDA FOIA 2022-3192

16.      On May 3, 2022, Defendant stated that it had received Plaintiff's request. Ex. 7. Defendant attached FOIA Control #: 2022-3192 to the request. Ex. 7. Plaintiff made only one request, on November 22, 2021. Ex. 1.

17.      On June 27, 2022, Plaintiff made an additional demand for an estimated completion date. Ex. 9 . Defendant responded and stated "I just received your email correspondence. I will revisit your request and get back to you this week regarding how much longer it will take to process. Sometime [sic] requests for exhibits can take longer to process." Ex. 9.

18.      On July 22, 2022, Defendant provided limited, unresponsive and redacted records to Plaintiff. Ex. 8.

19.      On September 19, 2022, Plaintiff administratively appealed Defendant's final decision on FDA FOIA 2021-3192. Ex. 10.

20.      Defendant received Plaintiff's administrative appeal on September 21, 2022. Ex. 11.

21.      As of the date of this filing, Defendant has not complied with FOIA, despite a statutory requirement to do so.

22.      Upon information and belief, Plaintiff has constructively exhausted her administrative remedies.


**COUNT I – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH**

23.      The above paragraphs are incorporated by reference.

24.      Defendant  has failed to conduct a reasonable search for records responsive to the request.

## COUNT II – DEFENDANT'S FAILURE TO RELEASE RECORDS

25.     The above paragraphs are incorporated by reference.

26.     Defendant  has failed to release  records responsive to the request. Defendant has failed to make the requested records promptly available to Plaintiff.

**WHEREFORE**, Plaintiff demands that this Court:

   i.     order Defendant to conduct a reasonable search for records;

  ii.     order Defendant to promptly make the requested records available;

 iii.     enjoin Defendant from withholding non-exempt requested records under FOIA;

 iv.     enter Judgment for Plaintiff and against Defendant;

  v.     award Plaintiff attorneys' fees and costs; and,

 vi.     award Plaintiff such other relief the Court considers appropriate

Dated:  October 25, 2022

RESPECTFULLY SUBMITTED,

/s/ C. Peter Sorenson
Attorney for Plaintiff
C. Peter Sorenson, DC Bar #438089
Sorenson Law Office
PO Box 10836
Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com